```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF NEW YORK
 2

 3   -----------------------------------X
                                        :
 4   SEOUL SEMICONDUCTOR CO. LTD.,       :
     et al.,                             :  19-CV-06719 (MKB)
 5                       Plaintiffs,     :
                                         :
 6              v.                       :
                                         :  225 Cadman Plaza East
 7   SATCO PRODUCTS, INC.,               :  Brooklyn, New York
                                         :
 8                       Defendant.      :  March 5, 2020
     -----------------------------------X
 9

10         TRANSCRIPT OF CIVIL CAUSE FOR INITIAL CONFERENCE
              BEFORE THE HONORABLE STEVEN L. TISCIONE
11                  UNITED STATES MAGISTRATE JUDGE

12

13   APPEARANCES:

14   For the Plaintiffs:        MICHAEL B. EISENBERG, ESQ.
                                Holland & Knight, LLP
15                              31 West 52nd Street
                                New York, New York 10019
16
                                ETAL YAACOV LAHAV, ESQ.
17                              Radulescu, LLP
                                350 Fifth Avenue
18                              Suite #6910
                                New York, New York 10118
19
     For the Defendants:        JOSHUA LEE RASKIN, ESQ.
20                              JULIE P. BOOKBINDER, ESQ.
                                Greenberg Traurig, LLP
21                              200 Park Avenue
                                New York, New York 10166
22
     Court Transcriber:         RUTH ANN HAGER, C.E.T.**D-641
23                              TypeWrite Word Processing Service
                                211 North Milton Road
24                              Saratoga Springs, New York 12866

25


     Proceedings recorded by electronic sound recording, transcript
     produced by transcription service.
```

1  (Proceedings began at 1:39 p.m.)

2      THE COURT:  So I apologize for the delay.

3  Unfortunately you walked in two minutes too late.  I was

4  almost going to just do yours first and then we found the

5  other counsel in the earlier case.

6      MR. EISENBERG:  We got a free show, Your Honor.

7      THE COURT:  Yeah.  So I did look at your letter

8  asking to relate the case to the earlier filed cases.  I just

9  have a couple of questions.  My colleagues and I have been

10  looking at it to see whether or not it makes sense to

11  consolidate the cases before one or really two judges:

12  district judge and magistrate judge.  Is it correct that the

13  specific patents involved in the two cases are different but

14  they're related technology?

15      MR. EISENBERG:  That's correct, Your Honor.

16      THE COURT:  Okay.  So then I guess my question is,

17  how much overlap is there in the two actions if we're dealing

18  with separate patents.  I mean, there'll be like a knowledge

19  base overlap in the sense that, you know, you have to get up

20  to speed on the technology involved, but the specific patents

21  are different.

22      MR. EISENBERG:  That is fair, Your Honor.  The

23  specific patents are different.  They go to relate -- so if I

24  could start with a little bit of background.

25      THE COURT:  Sure.

1        MR. EISENBERG:  The case is generally about light-

2  emitting diode chips and all the patents relate in some way to

3  either the chips themselves, the packages they go into, the

4  driver circuitry that helps them run and all of these tend to

5  go into lightbulbs and other lighting products used for

6  general lighting, say in your house.

7        The same things that improve chips, that make them

8  run, the core parts of the chip are similar in all the

9  patents.  There's no specific overlap, there's none that are

10  so similar that I would say, you know, there's none that are

11  in the same family to the extent that the claims are nearly

12  identical which happens in some cases.  But the core

13  understanding -- you know, if were to do a tutorial to go over

14  how a light-emitting diode works, how holes in electrons

15  combine to give off light and what that means.

16        THE COURT:  Gotcha.  So the background knowledge,

17  the -- would be useful in both cases even if the specific

18  patents would have to be analyzed separately.

19        MR. RASKIN:  It's a little bit more than that, Your

20  Honor.

21        THE COURT:  Okay.

22        MR. RASKIN:  Because they're probably -- they're

23  likely overlapping accused products.

24        THE COURT:  Okay.

25        MR. RASKIN:  We haven't gotten that far yet in this

1    case.

2         THE COURT:  So some of the products might be

3    infringing on more than one patent.

4         MR. RASKIN:  That's correct.  So we would need to

5    produce overlapping documents in both cases --

6         THE COURT:  Gotcha.

7         MR. RASKIN:  -- both with respect to technical --

8         THE COURT:  Well, even if the cases --

9         MR. RASKIN:  -- [indiscernible] --

10         THE COURT:  -- aren't consolidated formally in the

11    sense that they're, you know, joined together you could still

12    informally have an agreement between you that you only have to

13    produce it once and it's effective for both cases.

14         MR. RASKIN:  That's true, Your Honor.

15         THE COURT:  You know, there's -- certainly it's the

16    same party, so, you know, if you want to informally have --

17    you know, you can even agree, if you want, to do depositions

18    that would be effective in both cases, even if they're not

19    formally consolidated and say, you know what, if we're doing a

20    30(b)(6) deposition let's do one for both cases.  It might be

21    more efficient that way.

22         MR. RASKIN:  Yeah, we've been working long --

23    together long enough to know that we're going to look for

24    every efficiency possible.  But from the Court's standpoint --

25         THE COURT:  Um-hum.

1       MR. RASKIN: -- because the technology is so closely

2  related to educate two sets of judges on similar technology

3  there might be overlapping issues on the Markman hearing, you

4  know, things like that.

5       THE COURT:  Sure.

6       MR. RASKIN:  That we thought that not only for the

7  parties, but for the Court as well it was more efficient.

8       THE COURT:  So ordinarily with these kinds of

9  motions the relevant judges just look at the cases and say,

10  oh, it looks like there's overlap.  We'll consolidate them.

11       I don't think looking at the two cases just on their

12  face because they do involve different patents, you know, the

13  judges in this instance would err on the side of

14  consolidating.  So I think the best approach for you is if

15  you -- if you truly believe it would conserve resources, both

16  for yourself and for the Court to consolidate the cases would

17  be to submit a motion with a little bit more of an explanation

18  of the efficiencies in joining the cases and giving them

19  consolidated before a single judge because it's not

20  immediately obvious in the way that it often is in related

21  cases.

22       I'm fine with it, but I'm not the judge that will

23  end up getting those cases, so I'm not the one you have to

24  convince.  So I would suggest filing, you know, a letter in

25  both cases explaining the efficiencies that you think would

1  ensue if the cases are consolidated and that might be, you

2  know, enough to kind of tip it over the edge.

3         MR. RASKIN:  Okay.  And I'm not sure this will

4  matter with regard to your suggestion, but to date we haven't

5  made a request for consolidation.  And I'm not sure how you're

6  use -- how Your Honor is using that word, but we're at

7  present --

8         THE COURT:  Well, you're relating the cases --

9         MR. RASKIN:  -- have only asked for a reassignment.

10        THE COURT:  Yeah, so you want to relate the case to

11  the other case so that it gets reassigned to the same judge.

12        MR. RASKIN:  Yes, because we haven't had a formal

13  discussion about consolidation nor has our client, you know,

14  weighed in on that --

15        THE COURT:  Yeah.

16        MR. RASKIN:  -- issue either.  And given the

17  complications we will --

18        THE COURT:  I mean, consolidating the case at least

19  for purposes of discovery seems like it would make sense

20  instead of overlap --

21        MR. RASKIN:  Yeah.

22        THE COURT:  -- which is obviously easier to do if

23  it's all before the same judge.

24        MR. RASKIN:  Right.

25        THE COURT:  But obviously that's a decision you'd

have to make, even if it's not formally consolidated.

Like I said, you could still informally do a lot of things to help, you know, keep things efficient by having agreements where you can use documents for both cases, you know, depositions for both cases, that kind of stuff.

MR. RASKIN:  One of our concerns, and it's just more of a procedural matter --

THE COURT:  Um-hum.

MR. EISENBERG: -- is we actually in the sense of full consolidation I think we would want -- not want because of the number of issues, the number of patents, the number of products.  But we do want to make sure that as we do things we're doing them in a way that takes care of the efficiencies and overlapping them possible.  But at the same time make sure that when we accept dates, when we schedule we're doing it in a way that doesn't create the kinds of conflicts that might otherwise make administration of the two cases too difficult.

So that was one of the concerns that we had when proposing our schedule to you, Your Honor, is that the form sort of starts with the close of fact discovery and sets that date, which I appreciate my thinking probably --

THE COURT:  You know, it's funny because I just had another initial conference in a patent yesterday and it occurred to me that because patent cases have so many additional and different deadlines and different things than a

1  typical civil case that I may need to actually go back and
2  change my form for initial conferences in patent cases
3  because, you know, you don't have things like the claim
4  construction and the Markman hearing and all of those things
5  that, you know, wouldn't be reflected on, you know, my
6  standard kind of discovery form.
7        MR. EISENBERG:  Very much appreciate that, Your
8  Honor.
9        THE COURT:  Yeah.
10       MR. EISENBERG:  Because that's why we proposed sort
11 of the -- we had a joint proposal that went more similar to
12 what we tend to do in other courts.
13       THE COURT:  Sure.
14       MR. EISENBERG:  And then obviously we have --
15       THE COURT:  This is a new thing for us.  This is
16 part of a pilot program for the Court with the patent cases,
17 so, you know, only a certain number of us on the panel are
18 even in the pilot program.  So not every judge takes patent
19 cases.
20       So you'll see -- you know, if you do enough cases
21 here you'll start to see the same judges over and over again
22 just because there are only a limited number of us that are in
23 the pilot for the patent cases.  So it's something that has
24 become a little bit more clear as I've done.
25       You know, the first couple of patent cases I did,

1  you know, it didn't really come up for whatever reason.  But
2  now that I've done more of them and I've gotten further along
3  in more of them I'm starting to see that I need to go back and
4  perhaps use a different form for the initial conference on the
5  patent cases otherwise the parties just end up using their own
6  stuff and --
7            MR. EISENBERG:  Right.
8            THE COURT:  Which is fine, too.  It's not a big
9  deal.
10           So what I would suggest then is before I set any
11 discovery deadlines if you're going to try to have it before
12 another judge anyway I'd rather not set something that they'd
13 then have to change.  So why don't you submit your -- you
14 know, you do it as a joint letter or whatever.
15           And the other thing I would suggest is file it as an
16 actual motion because if you file it as a letter oftentimes
17 things get kind of lost on the docket when it's just as a
18 letter.  Eventually somebody will look at it.  But if you want
19 quick action on something file it as a motion.  An then, you
20 know, the judges will pay more attention to it and act on it.
21           MR. EISENBERG:  Understood, Your Honor.
22           THE COURT:  Do you want to say two weeks?  Is that
23 enough time?
24           MR. RASKIN:  Sure.
25           THE COURT:  All right.

1        MR. EISENBERG:  Two weeks for lawyers to agree on

2    something?  Right?  We can do that.

3        THE COURT:  Well, you seem to have a collegial

4    relationship.

5        MR. EISENBERG:  We very much do.  Even the people

6    before us.  I think they get along fine.  They just weren't

7    seeing things eye to eye today.

8        THE COURT:  I think they just have a difference of

9    opinion.  You know, if people didn't have differences of

10   opinions on things there wouldn't be as many lawsuits.

11       MR. EISENBERG:  And we would not have such nice

12   suits.

13       THE COURT:  All right.  So by March 19th you'll file

14   your, I guess, more extensive letter motion for consolidation

15   or for transferring the case.

16       MR. EISENBERG:  We'll do it.

17       THE COURT:  And then I'll hold off on putting on any

18   discovery deadlines until somebody makes a decision.  Like I

19   said, I'm fine with it either way, but I'm not the one that

20   would be receiving the case.  So I'm going to defer to my

21   colleagues who would be receiving the case in terms of whether

22   or not they agree.  All right.  So make sure you file it on

23   both cases.

24       MR. EISENBERG:  Okay.

25       MR. RASKIN:  Thank you, Your Honor.

1    MR. EISENBERG:  That was all we had.  Is there

2  anything else, Your Honor?

3    THE COURT:  Did I actually get your appearances?

4    MR. EISENBERG:  Oh, no.  We never actually did that,

5  so I guess I can start there.  Michael Eisenberg for the

6  plaintiffs from Holland & Knight.

7    MR. LAHAV:  Etai Lahav for plaintiffs from

8  Radulescu, LLP.

9    THE COURT:  I'm sorry, I missed that.

10    MR. LAHAV:  Etai Lahav.

11    THE COURT:  How do you spell that?

12    MR. LAHAV:  E-T-A-I, last name L-A-H-A-V.

13    THE COURT:  Thanks.

14    MR. LAHAV:  Thank you.

15    MR. RASKIN:  Josh Raskin from Greenberg Traurig on

16  behalf of the defendant.

17    MS. BOOKBINDER:  And Julie Bookbinder from Greenberg

18  Traurig also for defendant.

19    THE COURT:  All right.  So I said March 19th,

20  correct?

21    MR. EISENBERG:  Yes.

22    MR. RASKIN:  Yes.

23    THE COURT:  All right.  So by March 19th the parties

24  will file a more robust letter motion for transfer of the case

25  and we'll go from there.

1          MR. EISENBERG:  All right, great.

2          MR. RASKIN:   Thank you, Your Honor.

3          MR. EISENBERG:   Thank you, Your Honor.

4   (Proceedings concluded at 1:50 p.m.)

5                          *  *  *  *  *  *

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1      I certify that the foregoing is a court transcript

2   from an electronic sound recording of the proceedings in the

3   above-entitled matter.

4

5

6   _____

7      Ruth Ann Hager, C.E.T.**D-641

8   Dated:  March 9, 2020

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25